STATE OF LOUISIANA IN THE
INTEREST OF I.L.

NO. 24-K-412

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

September 16, 2024

Linda Wiseman
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

**IN RE** I.L.

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JENNIFER G. WOMBLE, DIVISION "A", NUMBER 23-JU-402

---

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

In this juvenile matter, defendant, I.L., seeks review of the juvenile court's denial of his motion to suppress evidence. The juvenile contends that reasonable or legal grounds did not exist for the deputy to grab and frisk him following a *Terry*[1] stop because he was compliant and did not pose a danger. For the following reasons, we deny the juvenile's writ application.

In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of proving that an exception to the warrant requirement applies. *State in Int. of T. L.*, 17-579 (La. App. 5 Cir. 2/21/18), 240 So.3d 310, 323; La. C.Cr.P. art. 703(D). In *Terry*, *supra*, the United States Supreme Court recognized the investigatory stop as an exception to the warrant requirement. *State in Int. of T. L.*, 240 So.3d at 323. The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La. C.Cr.P. art. 215.1, as well as both federal and state jurisprudence. *See State in Int. of K.B.J.*, 23-734 (La. App. 1 Cir. 1/19/24), 383 So.3d 943, 948. La. C.Cr.P. art. 215.1(B) further provides that if a law enforcement officer reasonably suspects he is in danger or the person possesses a dangerous weapon, he may search for a dangerous weapon as follows:

> B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.

A trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless the evidence clearly favors suppression. *State in Int. of T. L.*, 240 So.3d at 323. The appellate court must consider the totality of the circumstances,

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

while giving deference to the inferences and deductions of trained police officers that might elude an untrained person. *State v. Chauvin*, 06-362 (La. App. 5 Cir. 10/31/06), 945 So.2d 752, 759.

In the instant matter, the juvenile does not contest the lawfulness of the *Terry* stop at issue. Rather, he argues that the deputy's frisk was illegal because it was the result of provocation by the deputy, who had no reasonable basis to believe he was in danger. Deputy New, the officer who conducted the stop, testified at the suppression hearing that he has worked for the Jefferson Parish Sheriff's Office for 15 years. On the afternoon of May 8, 2024, he received a report about two black males wearing purple shirts, who were stealing packages from porches. In response to the call, Deputy New stopped two black males wearing purple sweatshirts, one of whom was the defendant juvenile. Soon after he stopped the individuals, a car drove up and the driver stated "that's them" and that he had witnessed the incident. Deputy New did not want any altercations to transpire between the driver and the individuals, so he asked the driver to pull up and wait to speak with him.

Deputy New then turned his attention to the other individual closest to him and placed him in handcuffs. Deputy New explained that he continued to look back and forth to keep an eye on the defendant juvenile because the call indicated that both individuals were involved in the theft of the packages. He further explained that he was concerned for this safety because he was there by himself and the defendant juvenile was looking around and gesturing to the front center of his clothing. He explained that in his experience, it is common for individuals to place weapons in the waistband of their front midsection. Based on these observations, Deputy New testified that he decided to pat search the juvenile. He explained that as he reached towards the juvenile, he tried to flee. Following a struggle, Deputy New cuffed the juvenile and located a firearm when he searched the juvenile's waistband.

Deputy New agreed on cross-examination that the juvenile was compliant during the stop, but explained that he decided to frisk him because he saw him gesturing to the center of his body, which in his experience indicated the presence of a weapon. Deputy New further explained that he was alone at that point and attempted to frisk the juvenile due to safety concerns. Defense counsel argued that the officer's body camera video did not show the juvenile gesturing at his midsection. However, the trial court observed during its ruling that the juvenile's actions were not visible at all times in the body camera footage. We further note that it is clear from the video that when the deputy touched the front of the juvenile's sweatshirt, the juvenile immediately pulled back.

Based on the foregoing, we do not find that the trial court abused its discretion by determining that the deputy reasonably suspected that he was in danger and that the juvenile possessed a dangerous weapon, thereby warranting the search of the juvenile. Accordingly, this writ application is denied.

Gretna, Louisiana, this 16th day of September, 2024.

**SUS**
**FHW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/16/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-412**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

Juvenile Court (Clerk)
Honorable Jennifer G. Womble (DISTRICT JUDGE)
Mark D. Plaisance (Relator)                     Thomas J. Butler (Respondent)

### MAILED

Leigh A. Sakla (Relator)          Remy V. Starns (Relator)          Marcus J. Plaisance (Relator)
Attorney at Law                   Attorney at Law                   Attorney at Law
1546 Gretna Boulevard             301 Main Street                   Post Office Box 1123
Harvey, LA 70059                  Suite 700                         Prairieville, LA 70769
                                  Baton Rouge, LA 70825